UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY DiBELLO, DONNA DiBELLO, and
BETTER HOMES OF NORTH GREENBUSH,
NEW YORK, INC.,

                                           Plaintiffs,

  -against-                                                      1:09-CV-0692
                                                                 (LEK/DRH)

TOWN OF NORTH GREENBUSH PLANNING
BOARD,TOWN OF NORTH GREENBUSH, BILL
MADSEN, JR., Vice Chairman for Town of North
Greenbush Planning Board, FRED ("CHIP")
ASHWORTH, Member of Town of North
Greenbush Planning Board, THOMAS ("TOM") J.
REGAN and PATRICIA A. REGAN,

                                           Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

      This action was initiated on June 16, 2009 by Anthony DiBello, Donna DiBello, and Better Homes of North Greenbush, New York (collectively, "Plaintiffs") against the Town of North Greenbush Planning Board ("Planning Board"), Town of North Greenbush, Bill Madsen Jr., Fred Ashworth, and Thomas and Patricia Regan (collectively, "Defendants"). Compl. (Dkt. No. 1). Plaintiffs' Complaint, brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleges that Plaintiffs had a vested right to their land and all permits issued to them regarding the use of such land, and that Defendants, acting under color of state law, deprived them of these rights without substantive or procedural due process of law in violation of the Fourteenth Amendment. Compl. ¶¶ 116-128. Thomas and Patricia Regan (collectively, "the Regans") filed an Amended Answer and Counterclaim (Dkt. No. 22) on July 22, 2009. On August 28, 2009, Defendants filed a Motion to

dismiss (Dkt. No. 29) alleging that Plaintiffs' claim was not ripe, that the Court must abstain from jurisdiction because of an ongoing state proceeding, or, alternatively, for failure to state a claim. On October 13, 2009, Plaintiffs, acting through new counsel, filed a Cross-Motion to amend their Complaint and Response in Opposition to Defendants' Motion to Dismiss (Dkt. No. 38). Currently before the Court are Defendants' Motion to dismiss (Dkt. No. 29) and Plaintiffs' Cross-Motion to amend their Complaint (Dkt. No. 38). For reasons that follow, the Court dismisses without prejudice Defendants' Motion to dismiss and grants Plaintiffs' Motion to amend their Complaint.

**I.   BACKGROUND**

Anthony DiBello and Donna DiBello reside in Rensselaer County, New York and are, respectively, the Vice President and President of Better Homes of North Greenbush ("Better Homes"), a New York corporation. Plaintiffs own real property in the Town of North Greenbush, a municipal corporation in Rensselaer County. In July 2005, Plaintiffs began the process of subdividing this property into four lots; on August 8, 2005 their sketch plan for this subdivision was approved, and a public hearing for it was scheduled for September 12, 2005. North Greenbush Planning Bd. Minutes (Dkt. No. 29-3) at 15. To date, after attending numerous Planning Board meetings and submitting various versions of the planned subdivision, Plaintiffs have received no final grant or denial of the proposed subdivision by the Planning Board.

Plaintiffs, acting through an attorney with limited experience litigating § 1983 claims, filed suit in federal court and instigated an identical Article 78 proceeding in New York State court alleging Defendants' conduct violated Plaintiffs' right to due process. Schockmel Affirmation (Dkt. 38-2) ¶¶ 14-24. In September 2009, Keith Schockmel, an attorney experienced in litigating § 1983 claims was substituted as Plaintiffs' counsel. Dkt. No. 34. Attorney Schockmel evaluated

2

Plaintiffs' claim and quickly moved to cancel the Article 78 proceeding, but was unable to do so because Defendants refused to consent and the state court was about to issue its decision.[1] Schockmel Affirmation ¶¶ 20-23. Pursuant to Federal Rule of Procedure 15(a), Schockmel then requested consent from the Defendants to amend Plaintiffs' Complaint in the federal action. Defendants refused this request. Id. ¶¶ 9-10.

Plaintiffs allege in their proposed Amended Complaint, that Defendants "conspired together and in an intentional course of conduct designed . . . to illegally prevent plaintiffs from successfully subdividing . . . by means of preventing the Planning Board from issuing a final determination on plaintiff's application and thus deprive them of the use and benefit of their property." Am. Compl. (Dkt. 38-1) ¶ 18. The proposed Amended Complaint thus alleges that Plaintiffs' were deprived of their procedural and substantive due process rights under the Fourteenth Amendment, not, as was implied in their Complaint, because of the Planning Board's denial of their subdivision, but rather because Defendants' actions prevented any final determination by the Planning Board from ever being rendered. Schockmel Affirmation ¶ 3. Plaintiffs' proposed Amended Complaint also alleges various tort violations springing from actions taken by Defendants in the alleged conspiracy.

## II.  STANDARD OF REVIEW

Motions to amend a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(2) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, leave to amend a complaint is not automatic, and a court

---

[1]On October 8, 2009, Acting New York State Supreme Court Justice Christian Hummel issued a Decision and Order (No. 229396) in the Article 78 proceeding in which Plaintiffs' suit was dismissed as being premature. See Dkt. No. 401-1 at 7-8.

may deny a motion to amend for good cause "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182; S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous., 608 F.2d 28, 42 (2d Cir. 1979).

### III.   DISCUSSION

Upon consideration of the parties' submissions, the Court finds that justice requires allowing Plaintiffs to amend their Complaint. Plaintiffs' proposed Amended Complaint and the Affirmation submitted by attorney Schockmel adequately explain the reasons for the amendment and dispenses with any potential suggestion of undue delay, bad faith or dilatory motive. Further, this represents Plaintiffs' first attempt at amending their Complaint. The Court also notes that while the Regans have filed an Answer and Counterclaim (Dkt. No. 22) and Defendants' have filed a Motion to dismiss (Dkt. No. 29), no discovery has occurred, and allowing Plaintiffs leave to amend would not greatly prejudice any party. Any minor convenience suffered by Defendants in having to respond to Plaintiffs' Amended Complaint "hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits." S.S. Silberblatt, 608 F.2d at 43. Finally, the Court does not find that allowing the Plaintiffs to amend their Complaint as they propose would be futile. In the interests of justice, the Court, therefore, grants Plaintiffs leave to amend their Complaint.

Given that Defendants' Motion to dismiss was submitted based upon Plaintiffs' initial Complaint, that Motion shall be denied without prejudice so as to allow Defendants an opportunity to respond directly to the allegations in Plaintiffs' Complaint as amended.

## IV.     CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Cross-Motion to amend their Complaint (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 29) is **DENIED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     March 03, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge