UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY DiBELLO; DONNA
DiBELLO; and BETTER HOMES OF
NORTH GREENBUSH, NEW YORK,
INC.,

                          Plaintiffs,

   -against-                                        1:09-CV-00692 (LEK/CFH)

TOWN OF NORTH GREENBUSH
PLANNING BOARD; TOWN OF NORTH
GREENBUSH; BILL MADSEN, JR., Vice
Chairman for Town of North Greenbush
Planning Board; FRED ("CHIP")
ASHWORTH, Member of Town of North
Greenbush Planning Board; THOMAS
("TOM") J. REGAN; PATRICIA A.
REGAN, KATHRYN CONNOLLY; and
THOMAS MURLEY,

                          Defendants.
_____

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

On June 16, 2009, Plaintiffs brought this civil rights action arising from a dispute over Plaintiffs' rights to use and develop their land. Dkt. No. 1 ("Complaint"). On March 9, 2010, Plaintiffs filed an Amended Complaint, adding additional Defendants. Dkt. No. 51 ("Amended Complaint"). Presently before the Court is a Motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants on May 7, 2010. Dkt. No. 59 ("Motion"). Plaintiffs have since filed a Response in opposition to the Motion. Dkt. No. 61 ("Response"). Defendants in turn have filed a Reply to the Response. Dkt. No. 63 ("Reply").

**II. BACKGROUND**

The Court presumes the parties' familiarity with the factual and procedural history of this case and summarizes it here only to the extent necessary to resolve the instant Motion. For a more complete statement of the factual allegations, reference is made to the Amended Complaint.

Plaintiffs Anthony DiBello and Donna DiBello reside in Rensselaer County, New York and are, respectively, the Vice President and President of Better Homes of North Greenbush ("Better Homes"), a New York corporation. Am. Compl. at 1-2. Plaintiffs own real property in the Town of North Greenbush, a municipal corporation in Rensselaer County. Id. In July 2005, Plaintiffs began the process of subdividing this property into four lots; on August 8, 2005 their sketch plan for this subdivision was approved, and a public hearing for it was scheduled for September 12, 2005. Dkt. No. 29-3 at 15.

Plaintiffs allege that after this initial approval of the sketch plan, Defendants conspired unlawfully to prevent Plaintiffs from successfully subdividing their Highland Acres property, by means of preventing the Planning Board from issuing a final determination on Plaintiffs' application and thus depriving them of the use and benefit of their property. Am. Compl. ¶ 18. Plaintiffs allege a litany of acts taken by Defendants intended to prevent Plaintiffs from using their land. See generally id. They allege, *inter alia*, that: Defendants Tom and Patricia Regan harassed and intimidated contractors and consultants hired by Plaintiffs to improve their property, interfering with Plaintiffs' development of their land and causing great inconvenience and expense; Defendant Town of North Greenbush constructed and maintained, without Plaintiffs' knowledge or permission, a hidden drainage system such that rainwater and other runoff was channeled onto Plaintiffs' property; Defendant Planning Board required Plaintiffs to pay approximately $8,000.00 to move a

telephone pole at the demand of the Regan Defendants, to accommodate a wall the Regan Defendants illegally maintain on the Town right of way.¹ Id. ¶¶ 25, 28, 33. As a result of these and other alleged misfeasances, Plaintiffs contend that they have had to spend more than $100,000.00 in an effort to have the subdivision approved. Id. ¶ 44.

Due to Defendants' actions, Plaintiffs finally contend that they "have been unable, and upon information and belief, will never be able, to achieve a final determination, which, if in the negative, could be addressed by a proceeding pursuant to Article 78 of the New York Civil Procedure Laws and Rules." Id. ¶ 40. Because of this failure to act, Plaintiffs have been denied any adequate post-deprivation remedy. Id. ¶ 41. As of the date of the most recent submissions on the docket, Plaintiffs had received no final grant or denial of the proposed subdivision by the Planning Board, despite attending numerous Planning Board meetings and submitting various versions of the planned subdivision.²

Based on the foregoing, Plaintiffs claim that: (1) they have suffered a deprivation of property without procedural due process in violation of their constitutional rights due to Defendants' intentionally preventing Plaintiffs from obtaining a final decision; (2) they have suffered a deprivation of property without substantive due process in violation of their constitutional rights due to Defendants' intentionally preventing Plaintiffs from obtaining a final decision; and (3) the Town

---

¹ Plaintiffs contend that the "aforementioned acts of [D]efendants are offered as illustrative examples only of the behavior of [D]efendants, and are not intended to be an exhaustive litany." Am. Compl. ¶ 39.

² Given that no party has provided the Court with notice of final grant or denial of the proposed subdivision, see generally Dkt., and given that such grant or denial would clearly be critical to the resolution of this case, the Court presumes that no such final judgment has been reached since the filing of Defendants' Reply.

3

of North Greenbush committed the tort of trespass by directing water onto Plaintiffs' land. Id. ¶¶ 49-54. Plaintiffs assert their constitutional claims for deprivation of property – apparently erroneously – under the *Fourth* and Fourteenth Amendments to the United States Constitution as opposed to under the *Fifth* and Fourteenth Amendments.[3] Id. ¶¶ 49, 51.

## III. LEGAL STANDARD

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). A court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." Id.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). Such a determination "requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). A Court must accept as true the factual allegations contained in the complaint and draw all inferences in favor of the plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule

---

[3] This pleading error is not raised by Defendants in their briefing. See generally Mot.; Reply. Instead they address the claims through the lens of Fifth Amendment jurisprudence. See generally id. Given that the Court finds the Amended Complaint subject to dismissal based on the ripeness analysis required in Fifth Amendment cases, conducted *infra*, the Court does not find it necessary to address this error in pleading further.

12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555).  Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that he or she is entitled to relief and the action is subject to dismissal. See Id. at 678-79.

## IV. DISCUSSION

In their Motion, Defendants raise nine primary arguments as to why Plaintiffs' claims should be dismissed. See generally Mot.  In their Response, Plaintiffs, represented by counsel, oppose these arguments point-by-point, but do not cite a single case or statute in the process. See generally Resp.  Because the Court finds that this matter is not ripe for adjudication, the Court only addresses the parties arguments on the ripeness issue (Defendants' first point).

Defendants contend that Plaintiffs' claims should be dismissed because they are not ripe for adjudication. Mot. at 5-12.  When a defendant moves for dismissal under both Rule 12(b)(1) and Rule 12(b)(6), a court must consider the alleged lack of subject-matter jurisdiction under Rule 12(b)(1) first. Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). Ripeness is a constitutional prerequisite to a federal court's exercise of jurisdiction. Fed. Election Comm'n v. Cent. Long Island Tax Reform Immediately Comm., 616 F.2d 45, 51 (2d Cir. 1980).  A

case must be ripe before a federal court has jurisdiction to grant relief. Schoenefeld v. New York, No. 1:09-CV-0504, 2010 WL 502758, at *2 (N.D.N.Y. Feb. 8, 2010) (Kahn, J.) (citing Int'l Tape Mfrs. Ass'n v. Gerstein, 494 F.2d 25 (5th Cir. 1974); Williamson v. Vill. of Margaterville, No. 93-CV-115, 1993 WL 133719, at *1 (N.D.N.Y. April 23, 1993)). In order for the ripeness requirement to be satisfied, a controversy must be "definite and concrete, touching the legal relations of parties having adverse interests." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).

"The ripeness doctrine is especially important in land use and zoning disputes which are quintessential local issues that . . . are properly left in the first instance to local bodies that are better equipped than federal courts to address and resolve such issues." Caldarola v. Town of Smithtown, No. 09-CV-272, 2010 WL 6442698, at *7 (E.D.N.Y. July 14, 2010) (report and recommendation, adopted in full, 2011 WL 1336574 (E.D.N.Y. Apr. 4, 2011) (internal quotation marks omitted)). "[F]ederal takings claims are not ripe unless (1) the agency involved has reached a final decision and (2) the plaintiff has sought and has failed to receive adequate compensation through available state procedures." Adrian v. Town of Yorktown, 341 F. App'x 699, 700 (2d Cir. 2009) (citing Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson, 473 U.S. 172, 186, 190-95 (1985)).

"In the land use context, prong one of the Williamson ripeness test also applies to Section 1983 due process and equal protection claims." Osborne v. Fernandez, No. 06-CV-4127, 2009 WL 884697, at *4 (S.D.N.Y. Mar. 31, 2009) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002)); see also Roman Catholic Diocese of Rockville Ctr., N.Y. v. Inc. Vill. of Old Westbury, No. 09 Civ. 5195, 2011 WL 666252, at *16 (E.D.N.Y. Feb.14,

2011); Adrian v. Town of Yorktown, No. 03 Civ. 6604, 2007 WL 1467417, at *6-8 (S.D.N.Y. May 16, 2007).[4] The finality requirement "reflects the judicial insistence that a federal court know precisely how a property owner may use his land before attempts are made to adjudicate the constitutionality of regulations purporting to limit such use." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 402 (2d Cir. 2005).[5]

In this case, it appears clear from the record that Plaintiffs have not received a final decision on their subdivision application.[6] However, Plaintiffs contend that Defendants' ripeness arguments are inapposite here:

> Were this action brought to address a claimed wrongful denial by [D]efendants of [P]laintiffs' application for a subdivision, the argument of defendants that the action is not ripe for federal review might have some merit. The action is brought, however, to address defendants interference with [P]laintiffs' process of obtaining a legitimate review of their application.

Resp. at 3. That is, Plaintiffs argue that Defendants' bad faith and delay have caused injury and have prevented Defendant Planning Board's arrival at a final decision. However, "[t]he types of

---

[4] "The second prong of the Williamson test, which requires the plaintiff to seek compensation for any alleged taking before proceeding to federal court, 'is germane to takings challenges' only and does not apply to due process . . . [or] equal protection . . . claims." Roman Catholic Diocese of Rockville Ctr., N.Y., 2011 WL 666252, at * 16 n.24 (quoting Murphy, 402 F.3d at 349).

[5] See also Osborne, 2009 WL 884697, at *4 ("The final decision requirement ensures that, when analyzing a Section 1983 challenge to the constitutionality of a local land use decision, a federal court has the benefit of a fully developed record, a precise demonstration of how local regulations would be applied to the particular property, and knowledge of whether a variance or approval of alternative plans could provide the relief the land owner seeks" (internal quotation marks and citations omitted)).

[6] In the interests of clarity and of ensuring a complete and accurate record, the Court notes once again that there has been a substantial period of time between the parties most recent submissions and the filing of this Memorandum-Decision and Order and that at no point has any party alerted the Court to the entry of a final decision. See Note 2, *supra*.

7

injuries claimed by Plaintiffs – delay and bad faith in the processing of their application and loss of desired use of their property – are precisely the types of claimed injuries that require a final decision to become potentially cognizable." Osborne, 2009 WL 884697, at *5 (citing Lost Trail LLC v. Town of Weston, 289 F. App'x 443, 445 (2d Cir. 2008) (stating that lost or delayed use of property is a claimed injury subject to the ripeness requirement of a final decision); Dougherty, 282 F.3d at 90 (stating that due process claim was not ripe because no final decision, despite five-and-a-half-year delay, indications plaintiff was treated unfairly by defendants, and allegations that plaintiff lost use of and rental income from property while application pending)).

Like Plaintiffs in this case, the plaintiffs in Osborne "insist[ed] that there [was] no need to wait for a final decision from the Planning Board because it is not a decision that Plaintiffs are challenging here – indeed, according to Plaintiffs, their constitutional rights have been violated in part by Defendants' failure to render a decision." 2009 WL 884697, at *5 n.12. As in Osborne, however, the lack of a final decision here makes a § 1983 action in federal court ill suited to this matter at this point.[7]

The Court certainly finds Plaintiffs' allegations troubling, particularly given that no final decision has been reached over the course of the past seven years, even after Plaintiffs have been so vocal about their complaints.[8] However, in and of themselves, the Court's concerns cannot confer jurisdiction, and the fundamental requirement that a matter be ripe for adjudication before it may

---

[7] While the Court is not bound by the holding of Osborne, the Court finds the analysis performed in the Southern District of New York when faced with a closely analogous case to be exceedingly persuasive here.

[8] The Court does note that Defendants represent in their briefs that the application procedure is "ongoing" and that – as of the summer of 2010 – Plaintiffs had yet to satisfy all of their requirements.

proceed plainly bars the Court from venturing further into the merits of Plaintiffs' claims.

In the absence of a sufficiently-ripe federal case, it appears that this matter – pending some final action by Defendants – might more appropriately find its home in the state courts.[9] That is, while the Court takes no position on the propriety, merits, or likelihood for success of any action in state court, the Court does note that Plaintiffs' claims and the relief requested sound in the realm of the writ of mandamus.[10] See, e.g., County of Fulton v State of New York, 76 N.Y.2d 675, 678 (N.Y. 1990) ("Traditionally, the writ of mandamus is the relief invoked when a party seeks to compel performance by a governmental agency of a duty enjoined by law." (citation omitted)); Rowe v. City of New York, 615 N.Y.S.2d 959, 963 (N.Y. Sup. Ct. 1994) ("The writ of mandamus compels the performance of administrative acts as required by law. . . . In the writ of mandamus, the aggrievement arises from the refusal of a body or officer to act or to perform a duty enjoined by

---

[9] In Osborne, the court was "not unsympathetic to Plaintiffs' frustration" but concluded that "an Article 78 proceeding in state court, as opposed to a premature Section 1983 action, would have been the appropriate avenue through which to address these concerns." 2009 WL 884697, at *5 n.12 (citing R-Goshen LLC v. Vill. of Goshen, 289 F. Supp. 2d 441, 448 (S.D.N.Y. 2003) ("If Plaintiff thought that the Planning Board was refusing either to approve or deny his application, it could and should have brought an Article 78 proceeding in state court to force the Planning Board to make a decision."); Dougherty, 282 F.3d at 89; DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 131 (2d Cir. 1998) ("We are sympathetic to plaintiffs' plight, and in no way do we sanction or condone the Town's behavior with respect to Playhouse Square. Upon review of the record, it is manifest that plaintiffs were treated shabbily and unfairly. The Due Process Clause does not permit "federal courts [to] become Zoning Boards of Appeals." (alteration in the original))).

[10] Plaintiffs – without further discussion – argue that they have stated a claim for "a violation of procedural due process" because they have "no adequate state remedy because defendants have ensured that there is no final determination which could be challenged by an Article 78 proceedings. After five years, 20 Planning Board meetings and spending $100,000 to get approval to build three houses, [P]laintiffs are still in limbo." Resp. 3. The Court notes that an earlier Article 78 proceeding was dismissed as premature on October 8, 2009. Dkt. No. 59-2 at 77-84. However, the dismissal explicitly stated that "the Court's determination today does not preclude a future petition for mandamus under the appropriate circumstances." Id. at 84.

law." (citations omitted)); cf. Heckler v. Ringer, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

Finally, in the interests of justice, the Court finds it worth briefly examining the question of the futility of Plaintiffs continued participation in the application process. Under the futility exception to the "final decision" requirement, "certain procedures that a plaintiff normally would be required to pursue in order to receive a final determination may be excused if the plaintiff can demonstrate, by more than mere allegations, that they would be futile." Honess 52 Corp. v. Town of Fishkill, 1 F. Supp. 2d 294 (S.D.N.Y. 1998) (citing Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1501 (9th Cir. 1990); Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1454, modified, 830 F.2d 968 (9th Cir. 1987)); see also Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 97, 98-99 & n.8 (2d Cir. 1992). While "[t]he Second Circuit has not yet determined 'what the precise contours of the futility exception are,'" Homefront Organization, Inc. v. Motz, 570 F. Supp. 2d 398, 407 (E.D.N.Y. 2008) (quoting RKO Del., Inc. v. City of New York, No. CV002592, 2001 WL 1329060, at *4 (E.D.N.Y. Aug. 30, 2001)), "a property owner need not pursue such applications when a zoning agency . . . has dug in its heels and made clear that all such applications will be denied." Murphy, 402 F.3d at 349. Absent a clear mandate from the Second Circuit, other district courts "have found that in order to invoke the futility exception, a plaintiff must demonstrate: (1) the inevitability of refusal of their application, taking into consideration factors such as the defendants' hostility, delay and obstruction; and (2) that plaintiff has filed at least one meaningful application." Osborne, 2009 WL 884697, at *5 (quotation marks and internal citations omitted).

In this case, while Plaintiffs conclusorily state in their Amended Complaint that they "will

10

never be able . . . to achieve a final determination," they never raise the issue of futility in their Response. Compl. ¶ 40. Further, courts have declined to excuse plaintiffs' cases from the final decision requirement based on similar, lengthy delays. See, e.g., Williamson, 473 U.S. at 177-81, 192-93 (claim not ripe after eight-year application process); Dougherty, 282 F.3d at 89 (claim not ripe after five-and-a-half-year delay). Therefore, based on the record and arguments presently before it, the Court is not prepared to excuse the final determination requirement in this case.

For the foregoing reasons, the Court concludes that this matter is not ripe for adjudication and that the Court therefore lacks jurisdiction to hear this case at this point in time.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 59) to dismiss Plaintiffs' Amended Complaint (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Amended Complaint (Dkt. No. 51) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: December 06, 2012
Albany, New York

Lawrence E. Kahn
U.S. District Judge